ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ANDGRANTING DEFENDANT'S CROSS-MOTION FOR PARTIAL SUMMARY JUDGMENT
 I. INTRODUCTION
This case is before the court on cross-motions for summary judgment filed by Plaintiff CenturyTel, Inc. (taxpayer) and Defendant Department of Revenue (department). The parties have stipulated to certain facts and exhibits and presented other evidence by way of affidavit or declaration. There are no disputes of material fact.
 II. FACTS
Taxpayer is the common parent of a group of corporations. (Stip Facts at 2, ¶ 1.) Taxpayer's commercial domicile is not in Oregon. (Id.) These affiliated corporations filed a consolidated Oregon corporate excise tax return. (Id. at ¶ 3.) During the relevant years, the companies were engaged in the telecommunications business in both wireline and wireless operations. (Id. at ¶ 4.) From 1998 until August 1, 2002, the wireless operations were conducted by CenturyTel Wireless and its subsidiaries (collectively, the wireless subsidiary). (Id.) *Page 2 
Wireline operations were conducted by other members of the consolidated group. (Id. at ¶ 5.) Taxpayer and its affiliates operated in Oregon as well as other states. (Id. at ¶¶ 1, 4.)
Taxpayer has conceded, for purposes of these motions, that for the years 1997 through 2002, all corporations in the consolidated group of taxpayer were engaged in a unitary business that comprised both wireline and wireless telecommunications services. (Id. at ¶ 4.)
On August 1, 2002, taxpayer sold to an unrelated purchaser all of the issued and outstanding shares of the wireless subsidiary. (Stip Facts at 3, ¶ 8.) The purchase price was $1.59 billion.[1]
(Id. at 4, ¶ 13.) As a consequence of the stock sale and related transactions, taxpayer was, for practical purposes, no longer engaged in wireless operations.[2]
(Id. at 5, ¶ 16.)
In connection with the sale of stock, taxpayer and the purchaser filed elections under section 338(h)(10) of the Internal Revenue Code of 1986 (the Code referred to as the IRC and the elections hereinafter referred to as the 338 election.) (Stip Facts at 7, ¶ 23.) Taxpayer used a portion of the proceeds from the sale of stock to finance the acquisition of local exchange wireline operations. (Id. at 4-5, ¶ 14.) The rest of the proceeds were used to repay debt that had been incurred by taxpayer. (Id.)
On its Oregon corporation excise tax return for 2002, taxpayer treated the gain from the stock sale as nonbusiness income, none of which was allocated to Oregon. (Stip Facts at 8, ¶ 26.) The department determined that the gain was business income subject to apportionment. (Id. at ¶ 27.) This position affected tax liability in 2002 and in 2003 due to its effect on a net operating loss carry forward. (Id. at 10, ¶ 35.) *Page 3 
 III. ISSUE
The issues presented by the motions are (1) whether the gain recognized by taxpayer in connection with or as a result of the sale of stock in the wireless subsidiary is business or nonbusiness income under ORS 314.280, and, if it is business income, (2) whether ORS 314.280 and related rules, so construed and applied, are unconstitutional under the Due Process Clause of theFourteenth Amendment to the United States Constitution (the Due Process Clause).[3]
 IV. ANALYSIS
The parties agree that for federal and Oregon purposes, the consequence of the 338 election was that what was in fact a sale of stock is to be treated as follows:
 (1) The wireless subsidiary is treated as two unrelated entities, "old target" and "new target."
 (2) Old target is considered to have sold its assets to new target for the amount paid by the purchaser in the stock sale, here $1.59 billion.
 (3) Old target is considered to liquidate and distribute the cash received to the seller — here taxpayer.
 (4) New target is treated as a new corporation owned by the purchaser in the stock sale.[4]
The primary benefit of this tax treatment is that what can more easily be accomplished as a stock sale for state law purposes provides to the purchaser the "step-up" in tax basis normally only associated with a sale of assets. The court notes that this "step-up" in basis is advantageous *Page 4 
to a purchaser because it permits greater cost recovery deductions in the computation of federal and state taxable income than would be the case with a sale of stock treated as such.
As stated above, taxpayer's consolidated group is engaged in the transmission of communications. As such, the question of whether its income, including gain from disposition of assets, is business income or nonbusiness income is determined under ORS 314.280.See ORS 314.280; ORS 314.610(6). Further, taxpayer has conceded that the operation of the consolidated group, of which taxpayer is the parent corporation, was engaged in a unitary business in the 1997 through 2002 tax years. Accordingly, the assets considered to have been sold in this case were all assets that had been employed in a unitary business operating, in part, in Oregon.
The resolution of this case is governed by the decision inCrystal Communications, Inc. v. Department ofRevenue, ___ OTR ___, WL 2827462 (July 19, 2010) (Crystal). Crystal involved a corporate taxpayer, subject to ORS 314.280, that actually disposed of all its assets and then distributed the sale proceeds to its shareholders. Id. (slip op at 1-2). What actually happened in Crystal is deemed to have happened here by reason of the 338 election. In Crystal, the taxpayer argued that gain on such a liquidating sale was nonbusiness in character, and the department argued that such gain was business income. See id.
The court sees no reason to repeat the analysis set out in its decision in Crystal. Suffice it to say that for the reasons stated there, the gain recognized by taxpayer here is apportionable business income under ORS 314.280 and the rules promulgated by the department pursuant to that statute. Alternatively, for the reasons stated in Crystal, the gain is business income under the department's rules when measured against the statutory language of ORS 314.610. See ___ OTR at ___ (slip op at 2-22). *Page 5 
The court notes that to the extent that construction and application of ORS 314.610 and related rules are made under that statute directly, and not by reason of and subject to the principles of ORS 314.280, the gain in this case is even more clearly business income than was the gain in Crystal. This is because, even if one concludes, contrary to the decision inCrystal, that there is a liquidation exception to the so-called functional test of business income, the liquidation present in this case is of a special type.See ___ OTR at ___ (slip op at 21-22);
ORS 314.610.
In Crystal, the liquidation of assets that had been used in Oregon was followed by a cessation of business by the corporation and its complete liquidation. See id. (slip op at 1-2); seealso Crystal Communications, Inc. v. Dept. ofRev., ___ OTR ___ (Mar 2, 2009) (slip op at 7). Here, following the disposition of the wireless assets in the August 1, 2002, transaction, taxpayer continued its wireline operations. The proceeds of the liquidating sale were used to acquire additional wireline assets and pay down debt that had been previously incurred by taxpayer.
Crystal does not recognize a "liquidation exception" to the functional test under ORS 314.610.See ___ OTR at ___ (slip op at 21-22). However, if one were to be recognized, the case law from other jurisdictions recognizing such an exception indicates that the exception does not apply where the seller continues in business and uses the proceeds of a liquidating sale in business. The court finds that the business in which this taxpayer is involved is the communication of voice and data. The consolidated group did not cease that business but rather redirected assets into certain aspects of that business. Further, taxpayer here used the proceeds of sale to continue and expand aspects of its already existing operations, the income from which it has treated as subject to taxation on an apportioned basis by Oregon.
There remains the argument of taxpayer that taxation of the gain in question here on an *Page 6 
apportioned basis constitutes a violation of the Due Process Clause. Taxpayer's major premise here is that treatment of this gain as apportionable business income would mean that all gain of a corporate taxpayer would be apportionable. Taxpayer then observes that the case of Allied-Signal, Inc. v. Director,Division of Taxation,504 US 768, 112 S Ct 2251, 119 L Ed 2d 533 (1992) (Allied-Signal) rejects the position that all gain of a corporation is business income. Taxpayer then concludes that taxation of this gain cannot occur.
The flaw in the reasoning of taxpayer is in its major premise. Far from involving a necessary conclusion that all corporate gain and income is business in character, the court's conclusion that this gain is apportionable is based on the fact that this gain came from the disposition of assets that, as conceded by taxpayer, had been employed inside and outside of Oregon in a unitary business in which taxpayer's corporate family was engaged. That is far from the situation in Allied-Signal — a case containing a crucial concession by the state to the effect that the corporate assets disposed of were not part of the unitary business of the taxpayer. See 504 US at 774.
In Allied-Signal, the state urged the court to jettison the unitary business principle as an analytical tool in determining the taxing power of states other than the state of commercial domicile.See id. at 777. That the United States Supreme Court refused to do, reaffirming the unitary business principle as the linchpin of constitutionally permissible apportionment. Id. at 777-78. In this case, as in Crystal, the department and this court fully acknowledge the application of the unitary business principle. In this case, taxpayer, by conceding that the wireless subsidiary and taxpayer operated a unitary business, has conceded that the assets located outside Oregon bore a constitutionally required relationship to the assets and business operations of taxpayer's consolidated group located in Oregon. The Due Process Clause requires nothing *Page 7 
more, so long as income and gain is properly apportioned. SeeStonebridge Life Ins. Co. I v. Dept. of Rev.,18 OTR 423, modified on recons on other grounds,18 OTR 461 (2006) (describing the extent to which apportionment may be a Due Process Clause concern as well as a concern of the Commerce Clause of the United States Constitution.) Taxpayer has made no attack on the apportionment method applied by the department here. There is no constitutional infirmity in the actions of the department.
 V. CONCLUSION
Based on the foregoing, the motion of taxpayer is denied and the cross-motion of the department is granted. Now, therefore,
IT IS ORDERED that Plaintiff's motion for summary judgment is denied; and
IT IS FURTHER ORDERED that Defendant's cross-motion for partial summary judgment is granted.
Dated this ___ day of August, 2010.
THIS DOCUMENT WAS SIGNED BY JUDGE HENRY C. BREITHAUPTON AUGUST 9, 2010, AND FILED THE SAME DAY. THIS IS A PUBLISHEDDOCUMENT.
[1] Prior to the sale of stock, taxpayer and its affiliates engaged in certain other transactions in preparation for the disposition of the shares of the wireless subsidiary. Those transactions are not material to the analysis in this order.
[2] Certain wireless assets had been retained but are not material for purposes of the analysis in this order.
[3] All references to the Oregon Revised Statutes are to the 2001 edition.
[4] The operation of IRC section 338 shows that in the world of taxation, as in the world of opera and literature, where young women dress as young men and paupers act as royalty, things are not always what they seem to be. See e.g., Beethoven's Fidelio and Twain's The Prince and the Pauper.